UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI CORDER,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:16-cv-1969-KJN<br><br>ORDER |

Plaintiff Naomi Corder seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").[1] In her motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from July 26, 2013, the date that plaintiff's SSI application was filed, through July 22, 2015, the date of the final administrative decision. (ECF No. 21.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 22.) No optional reply brief was filed.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 7, 10.)

After carefully considering the record and the parties' briefing, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the Commissioner's final decision.

I. BACKGROUND

Plaintiff was born on February 10, 1984; has a limited education with special education classes; can communicate in English; and previously worked as a fast food server. (Administrative Transcript ("AT") 28, 46, 117, 119.)[2] On July 26, 2013, plaintiff applied for SSI, claiming that she was disabled due to a learning disability, depression, anxiety, and "multiple stress disorder." (AT 46, 118.) After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on June 11, 2015, at which plaintiff, represented by counsel, and a vocational expert ("VE") testified. (AT 261-305.) The ALJ subsequently issued a decision dated July 22, 2015, determining that plaintiff had not been under a disability, as defined in the Act, from July 26, 2013, the date that plaintiff's SSI application was filed, through the date of the ALJ's decision. (AT 16-30.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on August 3, 2016. (AT 5-7.) Plaintiff subsequently filed this action on August 19, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II. ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ improperly discounted the opinion of plaintiff's treating psychiatrist; and (2) whether the ALJ failed to properly examine the VE at the administrative hearing.

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to SSI pursuant to the Commissioner's standard five-step analytical framework.[3] At the first step, the ALJ concluded that plaintiff had not

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

3

engaged in substantial gainful activity since July 26, 2013, plaintiff's SSI application date. (AT 19.) At step two, the ALJ found that plaintiff had the following severe impairments: depression and anxiety. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 20.)

Before proceeding to step four, the ALJ assessed plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can perform simple, repetitive tasks in a non-public setting. She can occasionally interact with coworkers and supervisors. The claimant has the ability to interact superficially with the public.

(AT 22.) At step four, the ALJ determined that plaintiff was unable to perform any past relevant work. (AT 28.) Nevertheless, at step five, the ALJ found, in light of plaintiff's age, education, work experience, and RFC, and in reliance on the VE's testimony, that there were other jobs that existed in significant numbers in the national economy that plaintiff could perform. (AT 29.)

Consequently, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from July 26, 2013, plaintiff's SSI application filing date, through July 22, 2015, the date of the ALJ's decision. (AT 29-30.)

<u>Plaintiff's Substantive Challenges to the Commissioner's Determinations</u>

*Whether the ALJ improperly discounted the opinion of plaintiff's treating psychiatrist*

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1201-02 (9th Cir. 2001); <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an

---

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id.</u>

4

examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[4] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

On January 9, 2014, plaintiff's treating psychiatrist, Dr. Andres Sciolla, completed a 3-page mental functional assessment. (AT 204-06.) Dr. Sciolla noted that he had treated plaintiff since July 17, 2013, approximately every three months. (AT 204.) He diagnosed plaintiff with major depressive disorder without psychotic features and post-traumatic stress disorder. (Id.) Dr. Sciolla assessed plaintiff as having mild impairment in her ability to deal with the public, use judgment, function independently, maintain attention/concentration, understand/remember/carry out simple instructions, and relate predictably in social situations. (AT 205-06.) Plaintiff was

---

[4] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

5

rated as having moderate impairment in her ability to follow work rules, relate to co-workers, interact with supervisors, deal with work stresses, understand/remember/carry out detailed or complex job instructions, maintain personal appearance, behave in an emotionally stable manner, and demonstrate reliability. (Id.) When asked to describe the clinical findings supporting those ratings, Dr. Sciolla indicated "none." (Id.) Nonetheless, Dr. Sciolla opined that plaintiff's symptoms were likely to increase in a competitive work environment; she was incapable of even low stress jobs; and she would be absent about once a month. (AT 206.)

The court notes that the ALJ's RFC assessment adequately incorporated many of the functional limitations proposed by Dr. Sciolla. An ALJ may synthesize and translate assessed limitations into an RFC assessment without repeating each functional limitation verbatim in the RFC assessment. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-74 (9th Cir. 2008); see also 20 C.F.R. § 404.1545 (defining RFC as "the most you can still do despite your limitations"). Here, the ALJ limited plaintiff to simple, repetitive tasks in a non-public setting, with only occasional interaction with coworkers and supervisors. (AT 22.) Logically that type of work involves lower mental demands, lower stress, and only limited social interaction. Nevertheless, to the extent that the ALJ discounted portions of Dr. Sciolla's opinion, she provided specific and legitimate reasons for doing so.[5]

As an initial matter, Dr. Sciolla's opinion is conclusory and unsupported by any specific clinical findings. As such, the ALJ legitimately gave the opinion little weight. (AT 27.) See Meanel, 172 F.3d at 1114 (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.

---

[5] Dr. Sciolla authored another 2-page functional assessment on June 10, 2016. (AT 258-59.) That assessment was authored after the ALJ's July 22, 2015 final decision, and thus cannot serve as a basis for any error by the ALJ in evaluating Dr. Sciolla's opinion. Although the assessment was offered to the Appeals Council, and is properly part of the record, plaintiff's opening brief does not substantively argue that a remand is proper based on such new evidence presented to the Appeals Council. Thus, any such issue is waived. See Carmickle v. Comm'r, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Moreover, even if the issue were not waived, Dr. Sciolla's June 10, 2016 assessment suffers from the same deficiencies as his earlier assessment, and thus would have been inconsequential to the ultimate non-disability determination for the reasons discussed in this order.

Additionally, the ALJ noted that Dr. Sciolla's opinion was inconsistent with his own treatment records. (AT 27.) The ALJ performed a careful summary and analysis of plaintiff's relatively limited treatment records, which the ALJ reasonably found suggested that plaintiff had generally good mental status when compliant with her medications, but experienced exacerbations with major life events and when she was noncompliant with taking medications. (AT 23-27.) See, e.g., AT 218, 229 (plaintiff hospitalized on March 29, 2013, reportedly "intoxicated on cannabis," for plans to commit suicide after husband recently asked for divorce, she had not taken any medication for 2 years, and was smoking THC and consuming alcohol, but "reconstituted quickly" with treatment/medication and was discharged April 1, 2013); AT 212 (September 3, 2013 visit where plaintiff, while compliant with medication, had an anxious mood, but was alert, calm, clean, logical, in no apparent distress, smiling gently at times, neatly dressed with good eye contact and fluent, soft speech); AT 211 (February 25, 2014 visit where plaintiff was tearful, emotionally exhausted, and very concerned about son's disruptive behavior at school, but she also admitted that she only takes her medication intermittently and felt like "giving up…taking drugs…walking out").

Furthermore, the ALJ properly relied on the opinions of the state agency physicians, who essentially found plaintiff capable of performing simple, repetitive tasks with limited social interaction. (AT 25-26, 27-28.) The ALJ reasoned that their opinions were more consistent with plaintiff's treatment records, as discussed above. (AT 27.) See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) ("Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record.").

Plaintiff contends that Dr. Sciolla's opinion is supported by the September 23, 2013 opinion of consultative examining psychologist, Dr. Lisa Perrine, who diagnosed plaintiff with moderate mental retardation with serious mental limitations. (AT 200-03.) However, the ALJ ultimately gave little weight to Dr. Perrine's opinion, because she found Dr. Perrine's exam findings to be "questionable in light of the claimant's prior malingering on the same tests" in a

December 13, 2010 evaluation by consultative examining psychologist, Dr. David Richwerger. (AT 26-27.) Notably, unlike Dr. Perrine, Dr. Richwerger actually performed the Test of Memory Malingering, which suggested that plaintiff was malingering with a low level of effort on the intelligence and memory tests. (AT 179.) Curiously, unlike Dr. Perrine, Dr. Sciolla also did not diagnose plaintiff with mental retardation in his January 9, 2014 assessment.

In sum, the court finds that the ALJ provided specific and legitimate reasons for discounting Dr. Sciolla's opinion. Despite the existence of conflicting evidence and opinions, the court finds that the ALJ's resolution of such conflicts is supported by the record and by the proper analysis. As such, deference is appropriate, even assuming that the court may have decided the matter differently under a *de novo* standard of review.

*Whether the ALJ failed to properly examine the VE at the administrative hearing*

Because the court finds no error in the ALJ's weighing of the medical opinion evidence and assessment of the RFC, it also finds no error in the ultimate hypothetical provided to the VE.

V. <u>CONCLUSION</u>

For the foregoing reasons, the court concludes that the ALJ's decision is free from prejudicial error and supported by substantial evidence in the record as a whole. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 21) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 22) is GRANTED.

3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: January 18, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE